

**+Corrected April 24, 2014**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ALEXANDER POPOV,<br><br>    Defendant - Appellant. | No. 12-10045<br><br>D.C. No. 2:08-cr-00427-MCE-6<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>RAMANATHAN PRAKASH,<br><br>    Defendant - Appellant. | No. 12-10553<br><br>D.C. No. 2:08-cr-00427-MCE-7 |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>LANA LeCHABRIER, | No. 12-10389<br><br>D.C. No. 2:08-cr-00427-MCE-EFB-5 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and +LASNIK,[**] District Judge.

Ramanathan Prakash and Lana LeChabrier appeal their convictions of conspiracy to commit health care fraud and health care fraud. Prakash and Alexander Popov appeal the district court's applications of multiple sentencing enhancements. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

**1.** Neither Prakash nor LeChabrier has shown that the district court abused its discretion when it denied their motions to continue the trial. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985). Beyond labeling the government's expert "the key government witness," Prakash has not shown that his defense suffered actual prejudice as a result of the court's decisions denying him a

---

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.+

[1] In a simultaneously filed published opinion we vacate the district court's findings regarding the amount of loss intended by Popov and Prakash for sentencing purposes and remand for resentencing on that issue only.

2

continuance to obtain a rebuttal expert witness. United States v. Wilkes, 662 F.3d 524, 543 (9th Cir. 2011) ("Where the denial of a continuance prevents the introduction of specific evidence, the prejudice inquiry focuses on the significance of that evidence.") (quoting United States v. Rivera-Guerrero, 426 F.3d 1130, 1142 (9th Cir. 2005)). Moreover, the district court reasonably considered Prakash's failure to act diligently to prepare his case for trial when it denied his motions. See Flynt, 756 F.2d at 1359.

Similarly, in light of LeChabrier's admissions that she signed Medicare enrollment forms, opened a bank account to receive Medicare payments, and signed patient charts for the Richmond clinic even though she never examined a single patient, LeChabrier has not established that the verdict would have been different had she been granted a continuance to secure a handwriting expert's testimony. Wilkes, 662 F.3d at 543. Because the parties had been in trial for a month when LeChabrier moved for a continuance, the court properly considered the inconvenience to the court and the government in denying the request. See Flynt, 756 F.2d at 1359.

**2.** This court reviews a district court's formulation of jury instructions for abuse of discretion, unless the defendant failed to object at trial, in which case, the instructions are reviewed for plain error. United States v. Chi Mak, 683 F.3d 1126,

3

1133 (9th Cir. 2012). A district court's finding that a factual foundation does not exist to support a jury instruction proposed by the defendant is reviewed for an abuse of discretion. United States v. Castellanos-Garcia, 270 F.3d 773, 775 (9th Cir. 2001). Prakash argues that the district court erred by not giving a4 multiple conspiracies instruction because there was evidence from which the jury could have concluded that he was part of a smaller conspiracy involving just one clinic. Whether Prakash was aware of the other clinics or other physicians involved in the overall scheme is not determinative, however, because "a single conspiracy can include subgroups or subagreements." United States v. Mincoff, 574 F.3d 1186, 1196 (2009) (internal quotations and citation omitted).

Although the district court declined to give the multiple conspiracies instruction, the court gave the standard conspiracy instruction setting forth the elements of a conspiracy, as well as Ninth Circuit Model Criminal Jury Instruction 8.23, Knowledge of and Association with Other Conspirators. These instructions were sufficient to address Prakash's defense theory that he was not involved in the conspiracy alleged in the indictment because he was not aware of the other clinics or the other doctors who submitted Medicare claims on behalf of those clinics. The district court therefore did not abuse its discretion when it denied Prakash's request to give the multiple conspiracies instruction. United States v. Fernandez,

4

388 F.3d 1199, 1248 (9th Cir. 2004).

**3.** We reject Prakash's argument that the district court punished him for going to trial by calculating the amount of loss for sentencing purposes based on the total amount billed to Medicare. Even though the government's loss calculations in the plea agreements[2] in this case are dramatically different from its loss calculations for defendants who exercised their constitutional rights to trial, "a sentencing disparity based on cooperation is not unreasonable." United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009) ("[S]o long as there is no indication the defendant has been retaliated against for exercising a constitutional right, the government may encourage plea bargains by affording leniency to those who enter pleas. Failure to afford leniency to those who have not demonstrated those attributes on which leniency is based is unequivocally . . . constitutionally proper.") (internal quotation marks and citation omitted).

**4.** We review a district court's construction and interpretation of the United States Sentencing Guidelines Manual ("Guidelines") de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir. 2005). Contrary to Prakash's and Popov's arguments, the

---

[2]Prakash's argument is based entirely on the government's representations in plea agreements and not on the sentences actually imposed by the court.

Guidelines' sophisticated means enhancement "properly applies to conduct less sophisticated than the list articulated in the application note." United States v. Jennings, 711 F.3d 1144, 1147 (9th Cir. 2013).

Based on the evidence in the record that Prakash and Popov applied for Medicare provider numbers, opened bank accounts to use as part of the scheme, reviewed and signed patient charts that reflect significant testing even though neither doctor saw a single patient, and signed Medicare reimbursement forms and blank redetermination request forms for a clinic involved in the overall scheme, the district court reasonably could have concluded that the scheme was significantly more complex than a routine Medicare fraud case.

**5.** The district court did not err in applying a two-level sentence enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Even assuming that the failure to disclose Prakash's trust assets to the United States probation officer and the district court was the result of his attorneys' errors, Prakash neglects the impact of the recorded jail calls during which Prakash (1) directed his son to take steps to hide his assets from the government, (2) agreed to move assets to avoid detection, and (3) agreed to make false statements to the court about his failing health and weight loss. The district court properly found that Prakash provided false and misleading information to the probation officer and the court,

6

and that he encouraged and directed the obstructive conduct of others. See United States v. Reyes, 577 F.3d 1069, 1083 (9th Cir. 1996) ("[T]he defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused.") (quoting U.S.S.G. § 3C1.1 cmt. 9).

**6.** We reject Prakash's challenge to the two-level sentencing enhancement that the district court applied for conduct involving "the conscious or reckless risk of death or serious bodily injury." U.S.S.G. § 2B1.1(12) (2007). Although Prakash did not supervise the examinations performed or the services provided at the Sacramento clinic, he signed the patient charts and the Medicare reimbursement forms indicating that he had and there was evidence that these services produced a serious risk to the patients' health. "In light of our deferential standard of review, we cannot say that the district court clearly erred in finding that [Prakash's] conduct posed a risk of serious bodily injury or death, even if we would not have made the same finding." United States v. Awad, 551 F.3d 930, 941-42 (2009) (upholding district court's application of enhancement for conscious or reckless risk in health care fraud case where defendant's consistent failure to supervise jeopardized patients' health).

**7.** Because the record below is sufficient for us to review LeChabrier's

limited claim of ineffective assistance, we consider and reject her claim that counsel's failure to obtain a handwriting expert constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). United States v. Rivera-Sanchez, 222 F.3d 1057, 1060 (9th Cir. 2000) ("We will only review ineffective assistance claims on direct appeal where the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.") (internal quotation marks and citation omitted).

Here, LeChabrier's trial counsel's failure to pursue a handwriting expert was not deficient because she told counsel that she did, in fact, sign Medicare forms and there was no reason to question her statements. See Strickland, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Nor was this failure prejudicial to her defense. The record shows that LeChabrier admitted signing Medicare enrollment forms, opened a bank account to receive Medicare payments, and signed patient charts for one of the clinics without ever seeing a patient. Thus, we conclude that LeChabrier has failed to demonstrate that she was deprived of the effective assistance of counsel.

8

**8.** During oral argument, LeChabrier conceded that she waived any claim she may have had under the Speedy Trial Act by failing to move for dismissal prior to trial.  See 18 U.S.C. § 3162(a)(2); United States v. Tanh Huu Lam, 251 F.3d 852, 860 (9th Cir. 2001).  We therefore decline to consider her arguments related to the Speedy Trial Act.

**AFFIRMED.**