**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10166 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00427-MCE-EFB-5 |
| v. | |
| LANA LECHABRIER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 4, 2019[**]
San Francisco, California
Submission Vacated November 20, 2019
Resubmitted February 19, 2020

Before: PAEZ and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

Defendant Lana Le Chabrier appeals the district court's order denying her

motion to unseal certain materials, which motion was made during her supervised

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

[***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

release revocation proceedings. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

Le Chabrier, a former doctor, was convicted of health care fraud and conspiracy to commit health care fraud, and her conviction and sentence were affirmed on appeal. *See United States v. Popov*, 555 F. App'x 671 (9th Cir. 2014). Le Chabrier subsequently sought post-conviction relief under 28 U.S.C. § 2255, arguing that each of her three successive criminal defense attorneys provided ineffective assistance. The district court denied the § 2255 motion on the merits, and this court denied a certificate of appealability.

After the denial of Le Chabrier's § 2255 motion, her probation officer filed a petition with the district court alleging that Le Chabrier had violated the terms of her supervised release by refusing to make restitution payments. On the day before the admit/deny hearing on this petition, Le Chabrier's counsel filed a motion to dismiss the petition and a separate "motion to unseal portions of record related to Lana Le Chabrier." The latter motion consisted only of a single sentence, in which

---

[1] Le Chabrier filed an interlocutory appeal from the challenged order, and this court *sua sponte* issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. After Le Chabrier filed her response, the court allowed the appeal to proceed. We need not decide whether the interlocutory appeal was proper. The revocation proceedings during which the challenged order was made have since been completed, giving rise to an appealable final decision. Indeed, Defendant's subsequent separate appeal from that final decision (which has since been dismissed) was initially consolidated with this appeal.

2

Le Chabrier's counsel "move[d] the Court to permit [him] to obtain copies of all sealed transcripts and any other sealed matters relating to his client LANA LE CHABRIER in this case." The proposed order accompanying the motion stated that the relief sought was an order "to unseal portions of the record involving only herself and her attorney"; to permit her current counsel to "obtain a copy of the transcript"; and to permit her "to file the transcripts in her habeas corpus case."

At the admit/deny hearing, Le Chabrier's counsel explained that he had filed "a motion to release the sealed—to unseal the transcripts of the hearings with her attorney—the motion to fire her attorney. They may or may not have some reference to the case, but I don't have access to them." After the district court noted that the materials described seemed "far afield" from the issues raised by the revocation petition, counsel stated, "That's true. It does relate to her habeas case in some way. But in any case, it is part of the record, and we'd ask to unseal." The court then denied the motion, stating that "I don't think it has any relevance at this time." At no point did Le Chabrier's motion to unseal, proposed order, or oral argument mention the First Amendment.

In responding to this court's order to show cause why her ensuing interlocutory appeal should not be dismissed, Le Chabrier confirmed that (1) her motion sought to unseal the transcripts of two hearings to replace her counsel (which hearings she now purported to identify by docket number); and (2) she

3

sought these transcripts for her attempted § 2255 appeal and not for her supervised release revocation proceedings. Her response also argued for the first time that, even if the sealed transcripts were "not relevant to her cases," she "and her new counsel have a first amendment right of access to the court proceedings which must be released when the danger of prejudice has passed."

In her opening brief, however, Le Chabrier proceeded on the assumption that, in fact, no sealed in-court hearing had been held below on any of her requests for a change of counsel. As she explained, "[t]he only sealed transcript in this case is part of the January 26, 2012, sentencing hearing" for one of her codefendants. The Government, in its answering brief, likewise stated that "no hearings occurred" in connection with Le Chabrier's requests to change counsel. Instead, Le Chabrier's brief argued for the first time that the continued partial sealing of her codefendant's sentencing transcript violated the First Amendment, and that the district court therefore had erred in denying her motion to unseal.

Our review of the sealed record confirmed that the parties were wrong in assuming that no sealed hearings had occurred in connection with Le Chabrier's requests to change counsel. On November 12, 2009, the district court had conducted a sealed hearing on one of Le Chabrier's motions to change counsel at which the district court initially denied that motion. However, a transcript of this hearing was never ordered, prepared, or filed. We *sua sponte* unsealed the sealed

4

minutes of that hearing and ordered the parties to file supplemental briefs limited to whether, and to what extent, the existence of the sealed hearing may affect the proper disposition of this appeal.  In her supplemental brief, Le Chabrier contends that, properly construed, her motion to unseal covered both the transcript of her codefendant's sentencing hearing and a transcript of the November 12, 2009 hearing on her motion to change counsel, and that the district court erred in denying that motion.  The Government responds that Le Chabrier has provided no basis for setting aside the district court's order.  We agree with the Government.

As to her codefendant's sentencing transcript, Le Chabrier failed to properly request that document in the district court.  Because Le Chabrier's motion papers and oral argument in the district court never mentioned her codefendant's sentencing transcript and instead specified other documents "involving only herself and her attorney," the district court did not err in failing to divine that Le Chabrier would later claim that she wanted her codefendant's sentencing transcript.  *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321–22 (9th Cir. 1988).  The district court therefore did not err in failing to unseal that transcript in response to the motion and arguments presented to it.

As to the November 12, 2009 sealed hearing, Le Chabrier has also presented no basis for disturbing the district court's order.  As an initial matter, no transcript of the sealed hearing even existed, and Le Chabrier's motion to unseal did not

5

request that the court order a transcript to be *prepared.* Even if she had made such a request for a transcript to be prepared at government expense, the district court could not have granted such a request. As her counsel explained at the admit/deny hearing, Le Chabrier sought the unsealing to support her § 2255 proceedings, but federal law provides that a transcript may be prepared for use in a § 2255 motion only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Given that Le Chabrier's § 2255 proceedings had already concluded at the time of her request, the district court could not have made any such certification.

Even if the transcript had already existed, the district court did not abuse its discretion in denying Le Chabrier's request to unseal it. *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003). Le Chabrier did *not* base her unsealing request on an asserted First Amendment right of access, but only on her asserted need to have the transcript for use in her § 2255 case. The district court correctly concluded that *that* ground for requesting unsealing was insubstantial. Given that the § 2255 matter was not before the district court (and, indeed, had been concluded), and given that Le Chabrier affirmatively conceded below that any hearing transcript concerning her change of counsel was irrelevant to the revocation proceedings, the district court did not abuse its discretion in denying the

6

unsealing motion based on the arguments presented to justify unsealing.

To the extent that Le Chabrier raises a First Amendment claim for the first time on appeal, we review only for plain error. *United States v. Chi Mak*, 683 F.3d 1126, 1134 (9th Cir. 2012). The district court did not plainly err in failing to *sua sponte* invoke the First Amendment right of public access as a basis for unsealing a closed hearing concerning the relationship between Le Chabrier and her then-attorney. "Attorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). As a result, no basis for *public* access was presented to the district court or was apparent from the record. On the contrary, the only proffered justification for unsealing was that *Le Chabrier* needed access for use in her own proceedings. There was no obvious error, much less one that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citations omitted).

**AFFIRMED.**