**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee*,

  v.

THOMAS R. JENNINGS,
  *Defendant-Appellant*.

No. 11-50315

D.C. No.
2:10-cr-00346-SJO-1

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee*,

  v.

DAVID J. FEUERBORN,
  *Defendant-Appellant*.

No. 11-50325

D.C. No.
2:10-cr-00346-SJO-2

OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 4, 2013[*]
Pasadena, California

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed April 3, 2013

Before: Diarmuid F. O'Scannlain, Stephen S. Trott,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's application of a "sophisticated means" enhancement under U.S.S.G. § 2T1.1(b)(2) in determining two defendants' sentences following convictions for tax fraud.

The panel held that conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement, and that the defendants' efforts to conceal income by using a bank account with a deceptive name was sufficiently sophisticated to support application of the enhancement.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Steven Neimand, Calabasas, California for Defendant-Appellant Thomas Jennings.

Neil C. Evans, Sherman Oaks, California for Defendant-Appellant David Feuerborn.

Robert E. Dugdale and Eric D. Vandevelde, Assistant United States Attorneys, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

CLIFTON, Circuit Judge:

Defendants appeal the application of a two-level enhancement imposed by the district court in determining their sentences following convictions for tax fraud, because their offenses involved "sophisticated means," under section 2T1.1(b)(2) of the federal Sentencing Guidelines.[1] We affirm the district court's application of the enhancement. Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement. Defendants' effort to conceal income by using a bank account with a deceptive name was sufficiently sophisticated to support application of the sentencing enhancement.

---

[1] All other issues raised by Defendants on appeal are resolved in a contemporaneously filed memorandum disposition.

## I.   Background

Defendants Thomas Jennings and David Feuerborn owned and operated Environmental Soil Sciences, Inc. ("ESS").  They purported to possess technology that could separate oil from dirt and other materials without producing hazardous waste.   Defendants solicited funding from investors, offering equity in ESS and forecasting billions of dollars in revenue, and raised nearly $16 million.

ESS hired a vendor, Eco-Logic Environmental Engineering, to develop machinery that would use the purported technology to capture oil.  ESS paid Eco-Logic Engineering approximately $2.5 million dollars, typically by check or direct deposit.

Meanwhile, Defendants opened and maintained a separate bank account of their own named "Ecologic."  Defendants wrote checks from the ESS business account and deposited them into the Ecologic account.  A check to the Ecologic account would often contemporaneously mirror a legitimate payment to Eco-Logic Engineering.  Defendants deposited more than $2.5 million from the ESS account into their Ecologic account.   They never told ESS investors, accountants, or board members about the Ecologic account.

ESS generated no substantial revenues.  But the Ecologic account funded Defendants' new homes, cars, and cash payments to family members.  Defendants did not report that money to the IRS as income.

Defendants were both convicted by a jury of conspiring to defraud the United States under 18 U.S.C. § 371.  Jennings was individually convicted of four counts of subscribing to

false tax returns under 26 U.S.C. § 7206(1). Feuerborn, who had not filed tax returns for the years in question, was individually convicted of four counts of tax evasion under 26 U.S.C. § 7201.

When calculating the advisory sentencing range under the Sentencing Guidelines, the probation office recommended in its presentence report a two-level enhancement under section 2T1.1 of the Guidelines based on Defendants' use of "sophisticated means" to accomplish their crime. Over Defendants' objection, the district court agreed and applied the two-level enhancement because, the district court concluded, Defendants' use of the Ecologic account disguised income as company expenses in a manner that was "more complex" than found in a typical tax fraud case. The enhancement resulted in an offense level of twenty-four and a recommended sentencing range of fifty-three to sixty-one months of imprisonment under the Guidelines. The district court sentenced each Defendant to forty-eight months in prison, a little below the low end of the Guideline range.

## II. Discussion

Defendants challenge the application of the two-level enhancement. We review the district court's interpretation of the Guidelines *de novo*, its application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error. *United States v. Williams*, 693 F.3d 1067, 1072 (9th Cir. 2012).

Under the Guidelines, a two-level sentencing enhancement should be imposed when a defendant's offense "involved sophisticated means." U.S. Sentencing Guidelines Manual § 2T1.1(b)(2) (2010). Application Note 4 explains

that the term "sophisticated means," for purposes of subsection (b)(2), "means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." *Id.* at cmt. n.4.

Defendants argue that they did not employ means as sophisticated as those listed in the application note. They argue, for instance, that the enhancement should not apply because they did not create corporate shells or offshore accounts. But the list contained in the application note is not exhaustive. We agree with other circuits that the enhancement properly applies to conduct less sophisticated than the list articulated in the application note. *See United States v. O'Doherty*, 643 F.3d 209, 220 (7th Cir. 2011); *United States v. Clarke*, 562 F.3d 1158, 1160, 1165 (11th Cir. 2009); *United States v. Lewis*, 93 F.3d 1075, 1082–83 (2d Cir. 1996) (applying enhancement to scheme involving fake bank accounts of non-existent businesses).

In *O'Doherty*, for example, the Seventh Circuit affirmed an application of the enhancement where a commodities trader funneled trading profits from corporations' trading accounts into four corporate bank accounts at two different financial institutions. 643 F.3d at 211. He then used the accounts, which appeared to be corporate assets, to pay personal expenses without reporting the accounts' holdings as assets. *Id.* The defendant argued that his scheme was not "especially complex or intricate" and that the shell corporations had legitimate purposes. *Id.* at 220. The Seventh Circuit rejected defendant's argument because the enhancement "'does not require a brilliant scheme, just one

that displays a greater level of planning or concealment than the usual tax evasion case.'" *Id.* at 220 (quoting *United States v. Fife*, 471 F.3d 750, 754 (7th Cir. 2006)).

The method employed by Defendants here reflected a sophisticated effort to conceal income. They syphoned money from ESS to themselves through a bank account that they named "Ecologic." The use of that name was no accident. It mimicked the name of the company's primary vendor, Eco-Logic Environmental Engineering. Payments to the Ecologic account thus appeared to be payments to Eco-Logic Engineering for legitimate business expenses. No legitimate reason for Defendants' use of an account with the name "Ecologic" was established.

Defendants contend that the enhancement should not apply to them because the Ecologic account was opened under Jennings's real name and social security number. But the fact that the concealment might not have been total does not mean that there was no effort at concealment or that the method employed was not sophisticated. Application of the enhancement does not necessarily turn on the scheme's likelihood of success in remaining undetected. *See Fife*, 471 F.3d at 754 (noting that defendant's argument "confuses 'sophisticated' for 'intelligent'").

Opening the account under Jennings's real name and social security number might have made it somewhat less likely that the diversion of funds would go undetected, but the scheme could have been figured out only by someone who knew that the Ecologic account was controlled by Jennings, or who knew to look at both the ESS records and the Ecologic account ownership records. Someone looking only at ESS's records would not have been able to tell that payments to the

Ecologic account went to an account actually controlled by Jennings. Someone looking only at the Ecologic account records would not know that the funds deposited in that account were not proper business receipts.

Defendants also argue that they opened the account for legitimate purposes and regularly used it for ESS business but that does not alter our conclusion, either. The fact that an account was also used for lawful payments does not immunize its use for improper purposes.

## III.    Conclusion

Defendants' effort to disguise funds taken for their own personal use as money paid to a third-party vendor for business expenses through use of a bank account with a deceptive name constituted a sufficiently complex method of concealment to warrant application of the sophisticated means enhancement. The district court did not err when it applied the two-level enhancement for use of sophisticated means in calculating the advisory sentencing range applicable to Defendants.

**AFFIRMED**.