FILED

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10464 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00190-GMN-RJJ-1 |
| v. | |
| STACY JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District
Judge.[**]

Stacy Johnson appeals her conviction and sentence for embezzlement in

violation of 29 U.S.C. § 501(c) and for falsification of financial records required to

be kept by a labor union ("Union") in violation of 29 U.S.C. § 439(c). Because the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for the Northern District of Florida, sitting by designation.

factual and procedural background is familiar to the parties, we do not recount it here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

## A. Trial Issues

Johnson first contends that there was insufficient evidence to support the jury's verdict. We find that the evidence presented at trial, viewed in the light most favorable to the prosecution, was more than sufficient to permit a rational trier of fact to find the essential elements of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Morales*, 108 F.3d 1031, 1036-37 (9th Cir. 1997).

Johnson next challenges the district court's decision to allow the government to impeach its own witness, Gennero Joseph (Johnson's ex-husband), through the testimony of another witness, Alan Weiss, one of the investigators who interviewed Joseph before trial. We review the district court's evidentiary ruling for an abuse of discretion, and we reverse only if we find that an erroneous evidentiary ruling "more likely than not affected the verdict." *United States v. Pang*, 362 F.3d 1187, 1191-92 (9th Cir. 2004). Here, even *if* Weiss's testimony should have been excluded, Johnson has failed to show that the verdict was "more

2

likely than not affected" by the admitted testimony. We thus conclude that any error did not prejudice Johnson.

## B. Sentencing Issues

Johnson challenges the district court's decision to increase her offense level by six points for uncharged acts of embezzlement that—according to her—were not relevant conduct under the Guidelines. We review for clear error a district court's determination that conduct extraneous to an offense of conviction is "relevant conduct" within the meaning of the Guidelines. *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir. 1992). Because the evidence in this case established that both charged and uncharged acts of embezzlement were part of an ongoing series of similar offenses committed regularly using the same modus operandi, the district court did not clearly err in finding that the uncharged acts of embezzlement constituted relevant conduct for purposes of sentencing.

Johnson also challenges the district court's decision to add two points to her offense level under § 2B1.1(10)(C) of the Guidelines, which section directs the district court to increase a defendant's offense level by two levels if the offense involved "sophisticated means." We review the district court's factual determination that Johnson's offense involved "sophisticated means" for clear error, *United States v. Aragbaye*, 234 F.3d 1101, 1107 (9th Cir. 2000), and we find

3

that the district court did not clearly err given the evidence demonstrating that Johnson concealed her offenses by manipulating the Union's computer software to create fraudulent receipts, by running fraudulent cashier's audit reports, and by using a special security code to "doctor" the member records of each victim. *See United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013) (noting that "[c]onduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement").

Finally, Johnson maintains that the district court's restitution order was beyond its legal authority. Although Johnson did not object to the restitution order at sentencing, the government concedes that the district court plainly erred by including—in the judgment—a requirement that Johnson pay restitution totaling $53,500.00 (for losses attributable to both charged and uncharged acts of embezzlement). The district court presumably relied upon the authority cited in the Presentence Report, namely, the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A (providing that district courts are required to order restitution when sentencing defendants convicted of certain crimes under Titles 18 and 21). The MVRA does not, however, authorize a district court to order restitution when sentencing a defendant, like Johnson, convicted of offenses under

4

Title 29.  Because the district court lacked legal authority to order restitution as part of Johnson's sentence, the restitution order must be vacated.

**CONVICTION AFFIRMED; SENTENCE OF RESTITUTION VACATED; CASE REMANDED.**

5