**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50065 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00062-ODW-1 |
| v. | |
| NICOLAS VILLAGRAN RUBIO, AKA Velazquez Hernandez Amador, AKA Nicolas Rubio Arellano, AKA Jose Luis Carreon, AKA Leon Garcia Leonardo, AKA Rafa, AKA Nicolas Via Gran Rubio, AKA Rafael Villagran, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: REINHARDT, FISHER and MURGUIA, Circuit Judges.

Nicolas Villagran Rubio appeals from the district court's judgment and

challenges the 85-month sentence and five-year term of supervised release imposed

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

following his guilty-plea conviction for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not plainly err in considering Rubio's inability to pay restitution in discussing various sentencing factors. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). At the sentencing hearing, the district court said, "I am looking at the harm that he has done to people, and I don't think any of this money will ever get repaid. I really don't. I think people are simply going to be out of hundreds of thousands of dollars." Rubio contends the district court erred by considering his inability to pay restitution as an aggravating factor in his sentencing. *See United States v. Burgum*, 633 F.3d 810, 816 (9th Cir. 2011) (holding that a district court plainly errs when it explicitly invokes inability to pay restitution as an aggravating factor, and "improperly inject[s] socioeconomic status into the sentencing calculus"). However, there is no "absolute bar to considering the possibility of restitution." *United States v. Rangel*, 697 F.3d 795, 804 (9th Cir. 2012) (explaining that the concern in *Burgum* was "discrimination against poor and indigent defendants" but that inability to pay may be evaluated in other circumstances, such as "[c]onsideration of the impact on the victims"); *see United States v. Anekwu*, 695 F.3d 967, 989 (9th Cir. 2012) (holding

2

that a district court did not plainly err in considering an inability to pay restitution "to show that the court had considered imposing a lesser sentence to facilitate the payment" and "to explain to the victims . . . that they should not expect to receive" money).

The district court did not explicitly invoke Rubio's inability to pay as an aggravating factor, nor did it clearly inject Rubio's socioeconomic status into its sentencing decision. Its remarks were consistent with a concern for the financial impact of Rubio's fraudulent conduct on his victims.

2.     The district court did not plainly err in applying a sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C). The uncontroverted presentence investigation report indicates that Rubio played a supervisory role in a scheme that included: forging two kinds of documents, Mexican voter identification cards and utility bills; opening 23 fraudulent bank accounts using many fictitious names, both of individuals and businesses; using altered stolen checks; and hiding high-value transactions with business accounts. *See, e.g.*, *United States v. Tanke*, 743 F.3d 1296, 1307-08 (9th Cir. 2014) ("Although Tanke did not use 'fictitious entities, corporate shells, or offshore financial accounts,' as the Sentencing Commission's commentary contemplates, he created at least six false invoices and falsified carbon copies of checks in Azteca's check register on at least 10 occasions

3

to conceal the payments."); *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) ("Horob did more than lie to obtain a loan. He manipulated several people to lie for him, used several different bank accounts (including accounts of other people) to move funds around, and fabricated numerous documents. Moreover, the complicated and fabricated paper trail made discovery of his fraud difficult."); *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013) ("Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement. Defendants' effort to conceal income by using a bank account with a deceptive name was sufficiently sophisticated to support application of the sentencing enhancement.").

**3.** Rubio contends the district court was unreasonable in imposing a five-year term of supervised release. While "it would be procedural error to fail adequately to explain the sentence selected . . . we have held that the district court need not state at sentencing the reasons for imposing each condition of supervised release . . . if the reasoning is apparent from the record." *United States v. Collins*, 684 F.3d 873, 889-90 (9th Cir. 2012) (internal quotation marks and alterations omitted). The government described at Rubio's sentencing hearing the need "to provide additional deterrence not just for future crimes but also for future reentries," and the district court explained that it was "thinking about imposing"

4

supervised release "as a further barrier" to Rubio illegally reentering the United States.  Based on the sentencing hearing and the record in general, we conclude that the district court provided adequate reasoning for the imposition of supervised release and did not plainly err.

4.      The district court was not procedurally or substantively unreasonable in any other manner.  There was no plain error with respect to Rubio's contentions that the district court relied on clearly erroneous facts, failed to adequately consider Rubio's arguments or created unwarranted sentencing disparities.  Moreover, the district court properly considered the factors listed under 18 U.S.C. § 3553(a).

**AFFIRMED.**