**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50470 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00061-DSF-5 |
| v. | |
| MIKE NIKO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 4, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Mike Niko appeals his sentence for one count of conspiracy to commit fraud

against the United States under 18 U.S.C. § 286. He pleaded guilty. He now

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

challenges the district court's application of a sophisticated means enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C). We affirm his sentence.

The district court did not abuse its discretion in concluding that Niko's own conduct was sufficiently sophisticated to warrant the enhancement. The enhancement is applicable when, for example, "assets or transactions, or both, [are hidden] through the use of fictitious entities, corporate shells, or offshore financial accounts." U.S.S.G. § 2B1.1 cmt. n.9(B) (2013). As the district court found, Niko "established a bank account using his name and a dba, Niko Tax Services. Mr. Niko didn't have a tax service. The dba allowed tax refund checks for many people to be deposited into that account without arousing suspicion." As the defendants did in *United States v. Jennings*, 711 F.3d 1144, 1146-47 (9th Cir. 2013), Niko opened a bank account associated with his own name and social security number, but in the name of a fictitious entity, in an effort to conceal fraudulently obtained income. Niko argued that he did not attempt to hide his identity, but "the fact that the concealment might not have been total does not mean that there was no effort at concealment or that the method employed was not sophisticated." *Id.* at 1147. "Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *Id.* at 1145.

Furthermore, the district court found that Niko

> certainly knew . . . that the names were being used to obtain substantial numbers of refunds that were fraudulently requested; otherwise, he would not have been allowed to keep varying sums of money and then turn the rest over to someone else.

> He was engaged in a significant and sophisticated fraud scheme, and he knew exactly what he was doing.

Niko's bank records made clear that the deposits into his account were tax refunds from the United States Treasury; each deposit listed the last four digits of the social security number of the person in whose name the return had been fraudulently filed.

AFFIRMED.