NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10076 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00080-GMN-CWH-1 |
| v. | |
| KAMALU GONZALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Kamalu Gonzales appeals the sentence imposed following his guilty plea to

two counts of mail fraud, six counts of wire fraud, and two counts of money

laundering. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court did not err—and certainly did not clearly err, *see United States v. Aragbaye*, 234 F.3d 1101, 1107 (9th Cir. 2000), *superseded by statute on other grounds as stated in United States v. McEnry*, 659 F.3d 893, 899 n.8 (9th Cir. 2011)—in imposing a two-level enhancement on the basis that Gonzales's offense involved sophisticated means. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2013). "Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013). The district court's finding that Gonzales used shell corporations was sufficient to support imposition of the enhancement. *See* U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.9(B) (2013). Additionally, in general, Gonzales's conduct was comparable to conduct that we have held sufficient to support imposition of the enhancement. *See United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (per curiam).

Likewise, the district court did not err in imposing a two-level enhancement on the basis that Gonzales abused a position of trust in a manner that significantly facilitated his offense. *See* U.S. Sentencing Guidelines Manual § 3B1.3 (2013). As a loan officer, Gonzales enjoyed the kind of professional discretion—marked by,

2

*inter alia*, "special knowledge [or] expertise"—that defines a position of trust. *See*

*United States v. Laurienti*, 731 F.3d 967, 973-74 (9th Cir. 2013). Having correctly

concluded that Gonzales's position as a loan officer was a position of trust, the

district court did not clearly err in finding that abuse of this position significantly

facilitated Gonzales's offense.

**AFFIRMED.**