NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10081 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00078-RCJ-VPC-1 |
| v. | |
| GARY H. LANE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Gary Lane appeals the sentence imposed following his guilty plea to twelve counts of mail fraud and five counts of attempted tax evasion. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court did not err—and certainly did not clearly err, *see United States v. Aragbaye*, 234 F.3d 1101, 1107 (9th Cir. 2000), *superseded by statute on other grounds as stated in United States v. McEnry*, 659 F.3d 893, 899 n.8 (9th Cir. 2011)—in imposing a two-level enhancement on the basis that Lane's offense involved sophisticated means. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2013). "Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013). Lane's conduct was comparable to conduct that we have previously held sufficient to support imposition of this sophisticated means enhancement. *See United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014); *United States v. Horob*, 735 F.3d 866, 868-69, 872 (9th Cir. 2013) (per curiam).

Likewise, the district court did not clearly err, *see United States v. Scrivener*, 189 F.3d 944, 950 (9th Cir. 1999), in imposing a two-level enhancement on the basis that Lane knew or should have known that at least one of his victims was particularly vulnerable, *see* U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2013). The record amply supports the district court's imposition of this enhancement.

Finally, Lane's sentence is not substantively unreasonable. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) (quoting *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc)) (internal quotation marks omitted), and Lane's within-Guidelines sentence is no exception.

**AFFIRMED.**