**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 14-10134 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00287-GMN-VCF-1 |
| v. | |
| **LANCE KELLOW**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted May 12, 2015
San Francisco, California

Before:    **KOZINSKI**, **PAEZ** and **CLIFTON**, Circuit Judges.

**1.**   The district court didn't abuse its discretion in applying a sophisticated-means enhancement.  The evidence showed that defendant shuffled funds between multiple bank accounts in furtherance of the mortgage fraud, and that sort of conduct is sufficiently "complex" to constitute sophisticated means.  See United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

States v. Jennings, 711 F.3d 1144, 1147 (9th Cir. 2013); see also U.S.S.G. § 2B1.1(b)(10) & n.9.

**2.** Nor did the district court abuse its discretion by applying an abuse-of-trust enhancement. The evidence showed that defendant's position as a mortgage broker "significantly facilitated the commission . . . of the offense," because his brokerage company was involved in the fraud scheme and he knew how to falsify mortgage applications based on his background. See U.S.S.G. § 3B1.3; United States v. Thornton, 511 F.3d 1221, 1227 (9th Cir. 2008).

**3.** The district court properly denied a minor-participant reduction. See U.S.S.G. § 3B1.2(b) & n.5. The testimony at trial established that defendant was very involved in preparing loan applications and bolstering the straw buyer's credit. As such, defendant wasn't "substantially less culpable than the average participant" in a mortgage fraud scheme. United States v. Hurtado, 760 F.3d 1065, 1068–69 (9th Cir. 2014) (emphasis omitted).

**4.** There was no impermissible disparity between defendant's sentence and those of his co-defendants, because defendant and his co-defendants weren't similarly situated. Both co-defendants pled guilty to only one count and accepted

responsibility for the mortgage fraud, whereas defendant went to trial and was convicted on five counts. "Failure to afford leniency to those who have not demonstrated those attributes on which leniency is based is unequivocally constitutionally proper." United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009) (internal quotation marks and alterations omitted).

**5.** The district court didn't err in ordering $834,500 in restitution. The district court thoroughly explained the basis for the restitution amount, and defendant does not indicate why that explanation was insufficient.

**6.** The district court didn't err by ordering forfeiture of $2,766,400. Defendant makes no argument that the forfeiture amount was improper. He claims only that he received insufficient notice of the amount. But the government informed defendant all along that it would seek forfeiture of all the proceeds of his criminal activity, and the criminal forfeiture rule specifically states that "[t]he indictment . . . need not . . . specify the amount of any forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a).

**7.** Sufficient evidence supports defendant's conviction. In the light most favorable to the government, the evidence at trial established that defendant

knowingly engaged in the mortgage fraud conspiracy by, among other things, helping falsify mortgage applications and recruiting the straw buyer.

**AFFIRMED.**