NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50409 |
| Plaintiff–Appellee, | D.C. No. 2:14-cr-00249-ODW |
| v. | |
| HAKOP GAMBARYAN, | MEMORANDUM* |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 28, 2018**
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and KORMAN,***
District Judge.

Hakop Gambaryan was convicted of health care fraud in violation of 18

U.S.C. § 1347, and was sentenced to eighty-four months in prison. On appeal, we

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

held that the eighteen-level loss enhancement based on the amount of the fraud was unsupported by clear and convincing evidence, and that an enhancement for defrauding a federal health care program violated the ex post facto clause. *United States v. Gambaryan*, 654 Fed. App'x. 888 (9th Cir. 2016). We observed, however, that the absence of the federal health care program enhancement might be canceled out by the addition of the abuse-of-trust enhancement, which applied to medical supply providers. *Id.* at 891 (citing *United States v. Adebimpe*, 819 F.3d 1212, 1214 (9th Cir. 2016)).

On remand, the district judge applied the abuse-of-trust enhancement, holding that *Adebimpe* was "directly on point," and justified a two-level enhancement for abuse of trust. The judge then calculated the sentencing range to be fifty-one to sixty-three months, and resentenced Gambaryan to sixty-three months in prison. On this appeal, Gambaryan argues that the district court erred in relying on Adebimpe to increase his offense level for abuse of a position of trust. We disagree.

1. While Gambaryan is correct that *Adebimpe* "did not hold that *all* medical suppliers hold a position of public or private trust," the district court did not clearly err in finding that Gambaryan did. *See United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013) (factual findings supporting a sentencing enhancement are reviewed for clear error). In *Adebimpe*, testimony revealed that "[b]oth the physician and the equipment supplier have responsibility to ensure the patient receives the

appropriate equipment," and that there exists "an independent responsibility for each side to get it right." *Adebimpe*, 819 F.3d at 1216. Evidence also showed that the medical documentation for the wheelchairs was "woefully inadequate," and that recipients testified "nobody had assessed their homes to determine whether their homes could accommodate the wheelchairs." *Id.* Under these circumstances, the evidence established that suppliers "have professional obligations separate from those of a physician." *Id.* at 1219.

Similar evidence was presented here. Fraud investigator Monica Nolan testified that durable medical equipment suppliers such as Gambaryan have a duty to confirm the medical necessity of prescription equipment even though they are not physicians writing prescriptions. Kurt Soo Hoo, an investigator with the Department of Health and Human Services, testified that none of the power wheelchairs had been prescribed by a primary care physician with adequate knowledge of the patient, and that patient files contained hundreds of photocopied beneficiary signatures, including some of beneficiaries who had died before the date on their patient file. Finally, wheelchair recipients testified that Gambaryan never took measurements or conducted inspections of their homes upon delivery of the wheelchairs to ensure that the equipment could be properly used. On this record, the district court did not clearly err in finding that Gambaryan occupied a position of trust because of his independent obligation to ensure that the wheelchairs were appropriate, and bore that

responsibility when submitting claims to Medicare that he verified were truthful and accurate. *See Adebimpe*, 819 F.3d. at 1220.

2. The district court did not plainly err in ordering Gambaryan to pay $696,851 in restitution to Medicare. Gambaryan presented no evidence to support his statement at sentencing that he had already reimbursed Medicare $100,000, and the Pre-Sentence Report indicated the opposite—that Gambaryan lacked sufficient funds to make restitution payments.[1]

**AFFIRMED.**

---

[1] The motion to withdraw as counsel by the Office of the Federal Public Defender for the Central District of California is granted. Attorney Michael Tanaka is substituted in as counsel, effective March 2, 2018.