NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Appellee,<br><br>     v.<br><br>KHEMRAJ DAVE HARDAT,<br><br>              Defendant-Appellant. | No.   19-50267<br><br>D.C. No.<br>2:18-cr-00861-DSF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 13, 2020[**]
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***]
District Judge.

    Khemraj Dave Hardat pleaded guilty to five counts of fraud for convincing at

least six individuals to pay him more than $5 million.  At sentencing, the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the
Southern District of Texas, sitting by designation.

court applied a two-level "sophisticated means" enhancement to Hardat's sentence under U.S. Sentencing Guidelines Manual § 2B1.1(b)(10), which Hardat appeals. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

We review the district court's application of sentencing enhancements for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We review the factual findings underlying the enhancement for clear error. *United States v. Holden*, 908 F.3d 395, 401 (9th Cir. 2018). The record amply supports the factual basis for applying the enhancement here, and the district judge's rulings were well within her discretion.

The Guidelines Application Note defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(10) cmt. n.9 (U.S. SENTENCING COMM'N 2018). One example is a telemarketing scheme with a main office and soliciting offices in different locations. *Id*. Another example is using "fictitious entities, corporate shells, or offshore financial accounts." *Id*. Conduct that is less sophisticated than these examples can still justify the sophisticated-means enhancement. *United States v. Jennings*, 711 F.3d 1144, 1147 (9th Cir. 2013).

Hardat doctored digital images for bank account balance statements with inflated amounts to carry out his fraud. Doctoring financial documents, even if not digitally, is often treated as a sophisticated means to commit fraud. *See United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014) (finding that creating "at least six false invoices and falsified carbon copies of checks" was sophisticated means.). Hardat also used fictitious entities and corporate shells to make himself appear to be a successful businessman and investor, and to make the investments he was selling appear legitimate. This tactic is often treated as a sophisticated means. *See Jennings*, 711 F.3d at 1146 ("Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means."). Finally, he made "lulling" partial payments to some victims out of money other victims had paid him, a Ponzi-type scheme intended to conceal his actions. The district court did not err in applying the two-level enhancement and sentencing Hardat to a within-Guidelines sentence of 87 months.

**AFFIRMED**.