NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-811 |
| Plaintiff - Appellee, | D.C. No. 1:22-cr-00153-AKB-1 |
| v. | |
| ERIC J. O'NEIL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Amanda K. Brailsford, District Judge, Presiding

Submitted December 2, 2024[**]
Portland, Oregon

Before: TASHIMA, NGUYEN, and SUNG, Circuit Judges.

Eric O'Neil pleaded guilty to one count of bank fraud after participating in a scheme to fraudulently apply for and receive loan assistance through the Paycheck Protection Program ("PPP"), which was designed to support small businesses

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

during COVID-19. He now appeals the district court's decision to apply the sophisticated-means enhancement under United States Sentencing Guideline § 2B1.1(b)(10)(C) and argues that the district court failed to sufficiently explain its consideration of 18 U.S.C. § 3553(a) factors. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. "In the sentencing context, we review the district court's factual findings for clear error, its construction of the United States Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Halamek*, 5 F.4th 1081, 1087 (9th Cir. 2021) (cleaned up). The district court did not abuse its discretion by applying the sophisticated-means enhancement.

The district court properly assessed O'Neil's individual conduct in addition to the overall scheme when deciding whether to apply the enhancement. *See* U.S.S.G. Supp. App. C, Amdt. 792 (Reason For Amendment) (explaining that application of this enhancement should be based "on the defendant's own intentional conduct"). The record supports the district court's findings that O'Neil knowingly signed false documents, authorized a co-conspirator to submit loan applications on his behalf, received $777,501 in proceeds minus his co-conspirators' commission, and used loan proceeds—meant for his business—for personal purposes.

We have recognized that "[c]onduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013). The district court identified multiple steps O'Neil took to perpetuate the fraud. *See United States v. Augare*, 800 F.3d 1173, 1175 (9th Cir. 2015) (explaining that the sophisticated enhancement can apply where a defendant engages in "dozens of various acts" or "coordinated and repetitive steps" (citation omitted)). And the district court found that O'Neil knew he was participating in a complex, financial scheme. *See United States v. Niko*, 584 F. App'x 693, 694 (9th Cir. 2014) (affirming application of enhancement where "the district court found that [the defendant] certainly knew . . . that the names were being used to obtain substantial numbers of refunds that were fraudulently requested"). The record and case law support the district court's exercise of discretion.

2. As O'Neil did not object at sentencing, "we review for plain error a claim that the district court procedurally erred by failing to adequately explain its sentence." *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180 (9th Cir. 2013). To show plain error, O'Neil must show (1) error that (2) is clear or obvious (3) affected O'Neil's substantial rights and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court sufficiently explained its

reasoning at sentencing and did not commit plain error.

The district court explicitly addressed several of the factors listed by 18 U.S.C. § 3553(a), heard arguments about why O'Neil deserved a downward variance, and imposed a sentence at the bottom of the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."); *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010) ("[T]he district court listened to [the defendant's] arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range. Its failure to do more does not constitute plain error."). The district court was under no obligation to explicitly address each of O'Neil's arguments in its sentencing decision. *See United States v. Cereceres*, 771 Fed. App'x 803, 804 (9th Cir. 2019) ("It is not procedural error for the court to decline to explicitly explain its consideration of each mitigation argument." (citing *Rita v. United States*, 551 U.S. 338, 358 (2007))).

**AFFIRMED.**