**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>DALE WAYNE MANNING,<br>*Defendant-Appellant*. | No. 11-30150<br><br>D.C. No.<br>6:10-cr-60068-<br>HO-1<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted
May 10, 2012—Portland, Oregon

Filed November 21, 2012

Before: Alex Kozinski, Chief Judge, Richard C. Tallman,
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's imposition of a sentencing enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice in a case in which the defendant pleaded guilty to being a felon in possession of a firearm.

The panel wrote that the defendant's conduct – lying to pretrial services about his possession of firearms, failing to appear for a pretrial release revocation hearing, and fleeing to Mexico – was obstructive "with respect to the investigation, prosecution, or sentencing" of his felon-in-possession conviction; and it was immaterial that he intended to obstruct only the prior child pornography case in which he was on pretrial release.

### COUNSEL

Rosalind M. Lee, Rosalind Manson Lee, LLC, Portland, Oregon, for appellant Dale Wayne Manning.

S. Amanda Marshall, Kelly A. Zusman and AnneMarie Sgarlata, Office of the United States Attorney, Portland, Oregon, for appellee United States of America.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Dale Wayne Manning pleaded guilty to possession and transportation of child pornography. In March 2010, the district court sentenced him to 11 years in prison, but let him continue his pretrial release pending a voluntary surrender date of June 1. Later in March, Pretrial Services Officer Nicholas Stranieri got a tip that Manning had borrowed some guns from his brother and might still have them, in violation of his terms of release. Stranieri asked Manning about the guns, and Manning said he'd returned them as soon as he began pretrial release. A week later, Stranieri again asked Manning about the guns. Manning initially stuck to his story but eventually admitted he'd had the guns for the past six months and returned them only recently. Stranieri advised Manning to call his lawyer, as he'd violated his terms of release.

A few days later, Stranieri recommended that the district court revoke Manning's pretrial release. The court scheduled a revocation hearing and notified Manning through his attorney, but Manning didn't show up. Soon afterwards, he was arrested in Mexico and expelled to the United States. He pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court imposed a two-level enhancement pursuant to Sentencing Guidelines § 3C1.1. Manning appeals, challenging that enhancement.

\*          \*          \*

Guidelines § 3C1.1 provides that,

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

U.S. Sentencing Guidelines Manual § 3C1.1 (2010).

The district court gave four reasons for imposing a section 3C1.1 enhancement: "defendant's willful failure to appear as ordered for a judicial proceeding; his giving false statements to officials of the Court about firearms; his reacquisition of one of the firearms; and his flight to Mexico." The district court's "characterization of a defendant's conduct as obstruction within the meaning of Section 3C1.1 is reviewed de novo." *United States v. Allen*, 341 F.3d 870, 896 n.38 (9th Cir. 2003) (internal quotation marks omitted).

**1.** "As applied by section 3C1.1, the term 'willfully' requires that the defendant consciously act with the purpose of obstructing justice," *United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir. 1990) (emphasis and some internal quotation marks omitted), "with respect to the investigation, prosecution, or sentencing of the *instant offense of conviction*," U.S. Sentencing Guidelines Manual § 3C1.1 (emphasis added). Manning argues that his evasive acts don't qualify under section 3C1.1 because they were designed to obstruct justice in his child pornography case, not his

subsequent felon-in-possession case, which is the "instant offense of conviction" and subject of this appeal. But Manning's gun possession both violated the terms of his pretrial release and inculpated him as a felon in possession. At the time he willfully took evasive actions, the investigation of his gun possession was already underway, as that was the basis for his scheduled hearing. Therefore, Manning's conduct was obstructive "with respect to the investigation, prosecution, or sentencing" of his felon-in-possession conviction for purposes of section 3C1.1. It is immaterial that he intended to obstruct only the child pornography case. *See United States v. Gilchrist*, 658 F.3d 1197, 1206 (9th Cir. 2011).

Further, in discussing section 3C1.1 and the 1998 amendment that added clause (B), we've held that "nothing about the amendment to § 3C1.1 suggests that it was intended to add a requirement that the obstructive conduct relate substantively to the offense of which the defendant is convicted." *United States v. Hernandez-Ramirez*, 254 F.3d 841, 843–44 (9th Cir. 2001). Rather, it was meant to resolve a circuit split and "expand the types of obstructive conduct warranting an adjustment to include obstructions in closely related cases." *Id.* at 844. By lying to pretrial services about his possession of firearms, failing to appear for his pretrial violation hearing and fleeing to Mexico, Manning willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the felon-in-possession case. And that obstructive conduct was connected to the child pornography convictions—a closely related offense. Because Manning's conduct satisfied both subsections (A) and (B)(ii) of section 3C1.1, the district court did not err in adding a two-level sentencing enhancement for obstruction of justice under

section 3C1.1.  *See* U.S. Sentencing Guidelines Manual § 3C1.1.

**2.**  "[P]roviding materially false information to a pretrial services officer, whose job it is to conduct investigations for the court, constitutes obstruction of justice for purposes of section 3C1.1, without a specific showing that the falsehood actually obstructed justice."  *United States v. Magana-Guerrero*, 80 F.3d 398, 401 (9th Cir. 1996); *see* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(H).  A "material" statement is one that, "if believed, would tend to influence or affect the issue under determination."  U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.6.  Manning twice tried to mislead Stranieri by telling him he'd returned the guns to his brother as soon as he began pretrial release.  Relying on *United States v. Yell*, 18 F.3d 581 (8th Cir. 1994), Manning argues that his subsequent confession rendered these false statements immaterial.

The defendant in *Yell* told his "probation officer that he distributed one, maybe two, one-half kilos of cocaine.  In his motion to withdraw his guilty plea, however, [he] later admitted that he 'minimized the amount of cocaine that [he] sold . . . .'"  *Id.* at 583.  "Because the district court was accurately apprised of the amount of cocaine involved *at the time of its sentencing determination*," the Eighth Circuit held "that the comment to the probation officer was [not] materially false as required for a sentencing enhancement under [Guidelines] § 3C1.1 . . . ."  *Id.* (emphasis added); *see also United States v. Cardona-Rivera*, 64 F.3d 361, 365 (8th Cir. 1995).

The Eighth Circuit is mistaken.  Section 3C1.1 applies not only where a defendant obstructs justice with respect to his

prosecution or sentencing, but also where he obstructs "the investigation . . . of the instant offense of conviction." U.S. Sentencing Guidelines Manual § 3C1.1. It doesn't matter whether he fooled the district court; it suffices that he fooled a Pretrial Services officer, or tried to. He need not actually have obstructed the investigation; it suffices that he "attempted" to do so. *Id.*; *see id.* cmt. n.4(H); *Magana-Guerrero*, 80 F.3d at 401. A false statement that, "if believed, would tend to influence or affect" the investigation, U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.6, is material even if the defendant later comes clean.

Manning also points to section 3C1.1's application notes, which state that "[a] defendant's denial of guilt . . . is not a basis for application of this provision." U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.2. But Manning didn't just deny having the guns; he concocted a story about what happened to them, claiming he had returned them when he began pretrial release. This is "more than a simple denial of guilt and could be treated as an obstruction of justice." *United States v. Johns*, 27 F.3d 31, 35 (2d Cir. 1994) (internal quotation marks omitted).

**3.** In addition to making false statements to Stranieri, Manning both fled to Mexico while on pretrial release and failed to appear at his revocation hearing, each of which qualifies as obstruction of justice. *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(E) (stating that obstruction of justice includes "escaping or attempting to escape from custody before trial or sentencing" and "willfully failing to appear, as ordered, for a judicial proceeding"); *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993) (upholding a section 3C1.1 enhancement because the defendant absconded while on pretrial release). Given these

three independently sufficient reasons for imposing the enhancement, we need not address whether the district court's fourth reason—that Manning reacquired one of the guns after confessing his false statements to Stranieri—is also sufficient.

**AFFIRMED.**