**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30276 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00013-SEH |
| v. | |
| ASHLEIGH MARIE GREYBULL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Ashleigh Marie Greybull appeals from the district court's judgment and

challenges the 18-month sentence imposed following her guilty-plea conviction for

theft from an Indian tribal organization, in violation of 18 U.S.C. §§ 2, 1163.  We

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Greybull contends that the district court erred by imposing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. We review the district court's characterization of a defendant's conduct as obstruction de novo. *See United States v. Manning*, 704 F.3d 584, 585 (9th Cir. 2012) (per curiam). The district court imposed the enhancement on the ground that Greybull provided "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of [her] offense." U.S.S.G. § 3C1.1 cmt. n.4(G). We conclude that the record is insufficient to support the enhancement on this basis. First, a false denial of guilt not made under oath cannot provide a basis for the enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.2; *United States v. Beardslee*, 197 F.3d 378, 389-90 (9th Cir. 1999). The record does not reflect which of Greybull's statements, if any, went beyond a denial of guilt. Second, the record is inconclusive as to whether the investigation of Greybull's offense would have been any different absent her false statements. Accordingly, we cannot determine whether her statements "obstructed or impeded" the investigation. *See United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998) (to provide a basis for an obstruction of justice enhancement, a false statement to an investigating officer "must constitute an actual impediment").

For the foregoing reasons, we vacate the sentence and remand for resentencing on an open record.

The mandate shall issue forthwith.

**VACATED and REMANDED for resentencing.**

12-30276