**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50409 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00172-CJC-1 |
| v. | |
| OHANES HAMPARSOUM HALADJIAN, a.k.a. Ohanes H.O. Haladjian, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 12, 2014[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Ohanes Haladjian appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Haladjian contends that the district court erred at sentencing when it imposed an adjustment for obstruction of justice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Haladjian contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to make adequate findings regarding who purchased a one-way airline ticket to Jordan and who checked in for that flight. Because he did not object on these grounds in the district court, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2103). Haladjian never objected to any of the facts set forth in the presentence reports ("PSRs") relating to the obstruction of justice issue, including the assertions that he purchased the plane ticket, possessed the plane ticket, and checked in for the flight. Therefore, Rule 32 did not apply and the district court did not plainly err. *See Christensen*, 732 F.3d at 1102; *United States v. Petri*, 731 F.3d 833, 840-41 (9th Cir. 2013).

In addition, Haladjian contends that the district court clearly erred because its acceptance of the obstruction-related allegations in the presentence reports and in the government's position paper was not supported by inferences that reasonably might be drawn from the record. The record shows that there was sufficient evidence to support a conclusion that Haladjian attempted to leave the country. He did not dispute the amended PSRs' statements that he possessed the plane ticket to

2

Jordan and had checked in for the flight. The court therefore was permitted to accept these facts as true. *See United States v. Charlesworth,* 217 F.3d 1155, 1160-61 (9th Cir. 2000) (a sentencing court may rely only on an unchallenged PSR to find that the facts underlying a sentence enhancement have been established). Furthermore, the government provided evidence of a plane ticket that was in Haladjian's name and also provided evidence of the check in. Halajian presented no evidence to undermine the inference that he played a role in obtaining the ticket and checking in for the flight.

Haladjian also contends that, even if the facts underlying the court's obstruction of justice ruling are true, it was legal error to apply the obstruction of justice enhancement under U.S.S.G. § 3C1.1. First, he argues that, because he was not in a custodial facility such as a treatment center, halfway house, or correctional facility, while he was on pre-trial release he was not in "custody" for purposes of application note 4 to § 3C1.1 and therefore did not attempt to escape. He is incorrect. For purposes of the obstruction guideline, "'custody' need only involve some degree of official control over a defendant . . . the defendant must have been submitted, willfully or otherwise, to the due process of law before the obstruction adjustment can obtain." *United States v. Draper*, 996 F.2d 982, 985-86 (9th Cir. 1993). Thus, "absconding from pretrial release amounts to escape from custody

3

under the Sentencing Guidelines." *Id.* at 987; *see also United States v. Manning*, 704 F.3d 584, 585, 587 (9th Cir. 2012) (holding that obstruction enhancement applied because defendant fled to Mexico while on pretrial release pending a voluntary surrender).

Second, Haladjian argues that his conduct did not constitute an escape or an attempt to escape and that the obstruction enhancement therefore does not apply. The obstruction of justice enhancement applies when a "defendant wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to . . . sentencing." U.S.S.G. § 3C1.1. "It is irrelevant whether justice is actually obstructed or impeded. . . . It is sufficient that the conduct in question has the potential for obstructing the investigation, prosecution, or sentencing of the instant offense." *Draper*, 996 F.2d at 986. Because Haladjian possessed a one-way airline ticket to Jordan and checked in for the flight, law enforcement and the district court had to take additional measures to ensure that he appeared for sentencing. Thus, at a minimum, Haladjian potentially impeded the administration of justice. *See Draper*, 996 F.2d at 984, 986 n.4 (affirming obstruction enhancement and noting that additional work was required by Pretrial Services, the district court, and law enforcement where defendant absconded while on pretrial release and arrest was required to ensure his appearance for sentencing);

4

*cf. United States v. Jackson*, 985 F.2d 576 (9th Cir. 1993) (unpublished) (affirming obstruction enhancement where defendant provided false name, requiring extra presentence investigatory work, even though defendant later admitted to true name).

In addition, notwithstanding the fact that Haladjian had not yet gone to the airport to board the flight, his conduct constituted an attempt to flee and therefore warranted the obstruction of justice enhancement.  *See United States v. Keats*, 937 F.2d 58, 67 (2d Cir. 1991) (holding that the district court did not err when it imposed an obstruction enhancement because there was evidence that the defendant attempted to flee, including a visa application, an airline timetable, and a computer printout showing a reservation for a flight leaving the country the next day); *see also Draper*, 996 F.2d at 986 n.2 (citing *Keats* with approval).

**AFFIRMED**.