**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

DELYLE SHANNY AUGARE,
        *Defendant-Appellant*.

No. 14-30131

D.C. No.
4:13-cr-00065-
BMM-2

OPINION

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted August 31, 2015[*]
Seattle, Washington

Filed September 9, 2015

Before: Alfred T. Goodwin, Ronald M. Gould,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Gould

---

  [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a sentence in a case in which the district court applied a "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(10)(C) following the defendant's guilty plea to conspiracy to defraud the United States, False Claims Act conspiracy, theft from an Indian tribe receiving federal funding, and federal income tax evasion.

The panel held that the district court did not abuse its discretion when it applied the "sophisticated means" enhancement to the defendant's offense conduct. The panel explained that the coordinated and repetitive steps that the defendant took to transfer money from the Po'Ka project to his personal bank account are comparable in complexity and sophistication to the schemes held to warrant the enhancement in both this court's precedent and persuasive authority from other circuits.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana, for Defendant-Appellant.

Michael W. Cotter, United States Attorney, and Carl E. Rostad, Assistant United States Attorney, United States Attorney's Office, Great Falls, Montana, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

We consider under what circumstances a "sophisticated means" sentencing enhancement may be given under U.S.S.G. § 2B1.1(b)(10)(C).

Delyle Shanny Augare appeals his sentence following his guilty plea to four counts: (1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 372; (2) False Claims Act conspiracy, in violation of 18 U.S.C. § 286; (3) theft from an Indian tribe receiving federal funding, in violation of 18 U.S.C. § 666(a)(1)(A); and (4) federal income tax evasion, in violation of 26 U.S.C. § 7201.

Specifically, Augare challenges the district court's application of the "sophisticated means" sentencing enhancement under U.S.S.G. § 2B1.1(b)(10)(C). We review a district court's application of the Sentencing Guidelines to

the facts for abuse of discretion.[1]  *United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013).  For the reasons that follow, we conclude that the district court did not abuse its discretion when it applied the "sophisticated means" enhancement to Augare's offense conduct.

Augare argues that "[n]either the fraud perpetrated through [the Po'Ka Project] nor Augare's conduct involve[d] sophisticated means," and asks us to vacate his sentence and remand for resentencing without the "sophisticated means" enhancement under § 2B1.1(b)(10)(C).  Augare contends that because Application Note 9(B) to § 2B1.1(b)(10)(C) defines "sophisticated means" as an "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," the "sophisticated means" enhancement does not apply to his conduct, which he asserts consisted of simple lies, "penny ante" fraud involving improper use of fuel cards, and transferring money, to which he was not entitled, into and out of a bank account that he controlled jointly with the Project's co-director.

Augare asks us to parse the language of the "sophisticated means" enhancement under § 2B1.1 in the same way we parsed the "sophisticated means" enhancement for smuggling under § 2T3.1(b)(1) in *United States v. Montano*, 250 F.3d 709 (9th Cir. 2001).  There, we reversed the district court's application of a "sophisticated means" enhancement under § 2T3.1(b)(1), because the defendants' activities were "all inherent in the activity of smuggling[, which], by its nature,

---

[1] We reject Augare's assertion that our review is *de novo* here.  As the government contends, the district court "merely [applied] the facts to the guidelines" when it sentenced Augare.  It did not interpret the meaning of the guidelines.

involves active steps to avoid detection." *Id.* at 715. Augare contends that "[a]ll of this activity was necessary to perpetrate the scheme, nothing more. Had the money remained in the [Project's] fund, no crime would have occurred." Augare also contrasts his use of the charity's bank account with what he contends are more egregious methods such as setting up shell corporations or using foreign tax havens, urging that "[t]he simple and common practice of moving money from one bank to another is not only unsophisticated, it is common practice in the modern global economy." We disagree with Augare's characterization of his offense conduct, and more precisely it was not an abuse of discretion for the district court to disagree.

Augare's comparison of his conduct to the offense conduct in *Montano* is misplaced. The "sophisticated means" enhancement that applied there was specific to the offense conduct of smuggling, not the type of financial fraud involved here. Also, the defendant in *Montano* simply used a bank account to pay others to do his dirty work—i.e., physical smuggling of Mexican pharmaceuticals into the United States. *See id.* at 711. Here, Augare sent money from the Po'Ka Project to one of his co-defendants for services allegedly rendered to the Po'Ka Project. That co-defendant then "donated" half of the money back to a children's charity using checks that were shipped to the Po'Ka Project's offices and closely guarded by the Project's directors, including Augare. Then Augare, who controlled the children's charity's bank account, withdrew the "donated" money and deposited it into his personal bank account.

Under our precedent on "sophisticated means" enhancements that apply to financial fraud offense conduct, Augare's conduct here supports the district court's

application of the "sophisticated means" enhancement under § 2B1.1(b)(10)(C). *See United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014) (noting that while the defendant did not use corporate shells or offshore financial accounts as mentioned in Application Note 9(B), the "sophisticated means" enhancement under § 2B1.1(b)(10)(C) was justified because he engaged in "dozens of various acts," including falsifying invoices and checks, to conceal payments); *Jennings*, 711 F.3d at 1145 (upholding a "sophisticated means" enhancement for using a bank account with a deceptive name to conceal income and stating that conduct need not involve "highly complex schemes or exhibit exceptional brilliance" to warrant the enhancement); *see also United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (per curiam) (affirming application of the "sophisticated means" enhancement under § 2B1.1(b)(10)(C), in part, because the defendant falsified documents and left a "complicated and fabricated" paper trail that made it hard to uncover his fraud).

Applying the "sophisticated means" enhancement under § 2B1.1(b)(10)(C) to Augare's conduct is also consistent with precedents from other federal circuits. *See United States v. Ghertler*, 605 F.3d 1256, 1267–68 (11th Cir. 2010) (holding that although some of the defendant's fraudulent activities were not sophisticated, the "totality of the scheme" qualified for the "sophisticated means" enhancement, as the defendant had conducted extensive research to identify his targets, used unwitting couriers to deliver the proceeds of his fraud, forged company documents, and had funds transferred to the accounts of unwitting third parties); *see also United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003) (holding that even if each step in an identity theft scheme is not elaborate, a "sophisticated means" enhancement is warranted if the steps

in the scheme are "linked together so that [the defendant can] perceive and exploit different vulnerabilities in different systems in a coordinated way"); *United States v. Finck*, 407 F.3d 908, 915 (8th Cir. 2005) ("While [the defendant] did not use sophisticated means to conceal his criminal activity, we find that he used sophisticated means to execute his scheme. Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme.").

Here, the coordinated and repetitive steps that Augare took to transfer money from the Po'Ka project to his personal bank account are comparable in complexity and sophistication to the schemes held to warrant a "sophisticated means" enhancement in both our precedent and persuasive authority from other circuits reviewed above. The district court did not abuse its discretion by applying the "sophisticated means" enhancement under § 2B1.1(b)(10)(C) to Augare's offense conduct.

**AFFIRMED.**