NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30033 |
| Plaintiff - Appellee, | D.C. No. 1:14-cr-00027-SPW |
| v. | |
| EUGENIA ANN ROWLAND, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 18, 2015**

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Eugenia Ann Rowland appeals from the district court's judgment and

challenges the 264-month sentence imposed following her guilty-plea conviction

for second degree murder, in violation of 18 U.S.C. § 1111(a).   We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Rowland contends that the district court erred by applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1 because her false statements to law enforcement did not impede the discovery of the victim's body and, therefore, were not material. We review de novo the district court's application of an enhancement under section 3C1.1. *See United States v. Manning*, 704 F.3d 584, 585 (9th Cir. 2012) (per curiam). It is undisputed that Rowland falsely told law enforcement that, on the night that the victim was last seen alive, Rowland witnessed the victim depart in a vehicle with an unknown male. Testimony presented at the sentencing hearing established that Rowland's false statements impeded the investigation of the offense, even if they did not prevent or delay the discovery of the body. Contrary to Rowland's contention, the district court properly applied the enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.4(G); *Manning*, 704 F.3d at 587 ("concoct[ing] a story" may be treated as an obstruction of justice).

**AFFIRMED.**