NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10113 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00230-DAD-BAM-1 |
| v. | |
| KENNETH SHANE PATTERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 10, 2023
San Francisco, California

Before: PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.

Kenneth Patterson pleaded guilty to federal charges of wire fraud, bank

fraud, and tax evasion. The wire fraud charges stemmed from a two-and-a-half-

year scheme during which he extracted multiple payments from his victim on the

false premise that he would acquire a skilled nursing facility for her to purchase.

Based on the nature of this scheme and false statements that Patterson made during

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his bond revocation proceedings, the district court applied sentencing enhancements for abuse of a position of trust, use of sophisticated means, and obstruction of justice. The district court also ordered Patterson to pay restitution to the victims of his offenses and to the State of California Franchise Tax Board.

On appeal, Patterson challenges the district court's application of the sentencing enhancements and its authority to issue the restitution order. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

We review de novo a district court's interpretation of the United States Sentencing Guidelines (U.S.S.G. or Guidelines), review for clear error its factual findings, and review for abuse of discretion its application of the Guidelines to the facts of the case. *United States v. Gomez-Leon*, 545 F.3d 777, 782 (9th Cir. 2008).

**1.** *Abuse of position of trust enhancement.* We hold that the district court erred in applying the position of trust enhancement as provided in U.S.S.G. § 3B1.3. Patterson did not occupy a position of trust relative to his victim in their deal to acquire the nursing facility.

A position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." *Id*. § 3B1.3 app. n.1. The fact that Patterson's victim trusted him, even if that trust was based on past representations about his business skills or experience, is not sufficient. Rather, "the presence or lack of professional or

2

managerial discretion represents the decisive factor in deciding whether a defendant occupied a position of trust." *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013) (internal quotation marks omitted); *see United States v. Thomsen*, 830 F.3d 1049, 1073–74 (9th Cir. 2016). Patterson did not wield such discretion in his deal with the victim to acquire the nursing facility. He had no latitude to use the money that she sent him to obtain the nursing facility for any other purpose, nor did he provide investment advice or owe her a fiduciary duty. The relationship between Patterson and his victim during the deal underlying the offense thus falls short of what our cases require for a position of trust, and the enhancement does not apply.

**2.** *Sophisticated means enhancement.* The district court abused its discretion in applying the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C). Our past decisions do not support the premise that fraudulent conduct that took place over a long period of time is sufficient to justify the enhancement. Repeated actions alone do not constitute sophisticated means. Rather, the defendant's steps to commit or conceal the offense should also be "coordinated" and "comparable in 'sophistication' to schemes held to warrant the enhancement." *Thomsen*, 830 F.3d at 1073 (quoting *United States v. Augare*, 800 F.3d 1173, 1175–76 (9th Cir. 2015)). Without exception, our cases upholding this enhancement have involved more complicated conduct than Patterson's offense.

*See, e.g.*, *Augare*, 800 F.3d at 1175; *Thomsen*, 830 F.3d at 1054; *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (per curiam); *United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014).

Patterson dealt directly with his victim throughout the scheme, and she always knew to whom she was making payments. Except for one payment to Patterson's business associate, she and Patterson were the only two people ever involved in the transactions. Patterson did not fabricate documents, coordinate with other parties, transfer funds between different accounts, or otherwise use comparable methods. His ruse consisted of a protracted lie about his progress toward acquiring a nursing facility that induced direct payments from a single victim. The straightforward nature of this offense distinguishes it from cases where we have affirmed the enhancement.

**3.** *Obstruction of justice enhancement.* The district court correctly applied the obstruction of justice enhancement under U.S.S.G. § 3C1.1 based on Patterson's false statements regarding violations of his conditions of pretrial release.

"[A] defendant who willfully provides materially false testimony to a judge during a bond revocation hearing may be subject to a sentence enhancement under section 3C1.1." *United States v. Taylor*, 749 F.3d 842, 847 (9th Cir. 2014). We have also held that "providing materially false information to a pretrial services officer, whose job it is to conduct investigations for the court, constitutes

4

obstruction of justice for purposes of section 3C1.1, without a specific showing that the falsehood actually obstructed justice." *United States v. Magana-Guerrero*, 80 F.3d 398, 401 (9th Cir. 1996); *see also United States v. Manning*, 704 F.3d 584, 586 (9th Cir. 2012) (per curiam) ("[I]t suffices that [the defendant] fooled a Pretrial Services officer, or tried to. He need not actually have obstructed the investigation; it suffices that he 'attempted' to do so."). A "material" statement is one that, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 app. n.6.

Patterson's false statements to his pretrial services officer and to the district court, if believed, would have affected his bond revocation proceedings. The obstruction of justice enhancement was warranted under these circumstances.

**4.** *Restitution order.* The district court plainly erred in ordering restitution for Patterson's tax evasion conviction under Internal Revenue Code (I.R.C.) § 7201 in two respects.[1]

First, the district court had the statutory authority to order restitution for Patterson's Title 26 tax evasion only as a condition of supervised release. *United*

---

[1] The parties dispute whether Patterson's failure to object to the restitution order at the time of sentencing requires us to review this issue for plain error or whether we may exercise de novo review on the basis that it is a pure question of law. *See United States v. Baker*, 25 F.3d 1452, 1456 (9th Cir. 1994); *United States v. Yijun Zhou*, 838 F.3d 1007, 1010–12 (9th Cir. 2016). Because the result would be the same under either standard, we assume without deciding that the plain error standard applies.

*States v. Batson*, 608 F.3d 630, 635 (9th Cir. 2010) (holding that 18 U.S.C. § 3563(b) and 18 U.S.C. § 3583(d) together "unambiguously authorize[] federal courts to order restitution as a condition of supervised release for *any* criminal offense, including one under Title 26, for which supervised release is properly imposed"). Thus, the district court plainly erred by ordering repayment of the tax loss to begin immediately. Payment of the tax loss portion of the restitution ordered must not begin before Patterson's supervised release term.

Second, the district court plainly erred by including the loss that Patterson caused the State of California Franchise Tax Board in its restitution order. Restitution ordered as a condition of supervised release is limited to losses caused by the actual offense of conviction unless that offense includes a conspiracy, scheme, or pattern of conduct as an element. *Thomsen*, 830 F.3d at 1064; *Batson*, 608 F.3d 630, 636–37 (9th Cir. 2010). Because federal tax evasion under I.R.C. § 7201 includes none of these elements, the district court lacked authority to include the state tax loss in its restitution order. We therefore vacate the district court's restitution order along with the sentence imposed and remand for resentencing consistent with this disposition. Each party shall bear its own costs.

**VACATED and REMANDED.**