**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10325 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00064-APG-NJK-1 |
| v. | |
| KING ISAAC UMOREN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10327 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00374-APG-NJK-1 |
| v. | |
| KING ISAAC UMOREN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 6, 2024
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant King Umoren appeals his convictions and sentences underlying two guilty pleas for fraudulent conduct related to the administration and sale of his tax return preparation business. Because we assume the parties' familiarity with the facts, we recount them here only as necessary. The district court had jurisdiction over both criminal matters pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. We "enforce the plain language of an appellate waiver" when the plea language "cover[s] the grounds of the appeal" and when the waiver was "knowingly and voluntarily made." *United States v. King*, 985 F.3d 702, 710 (9th Cir. 2021).

The appellate waiver's plain language bars Umoren's challenges to the conviction and sentence resulting from the 2019 charges. The waiver plainly bars his challenge to the 2019-related obstruction of justice enhancement because the imposed sentence falls within the applicable Sentencing Guidelines range. The waiver also bars Umoren's challenge to the 2019-related Aggravated Identity Theft (AIT) conviction because Umoren waived his right to challenge "any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction."

Umoren knowingly and voluntarily pled guilty, as demonstrated by the district court's compliance with Rule 11. *See United States v. Covian-Sandoval*,

462 F.3d 1090, 1093 (9th Cir. 2006). The Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023), does not make his plea unknowing or involuntary, even if it were to constitute a change in the law. *See United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) ("A change in the law does not make a plea involuntary and unknowing." (cleaned up)).

Umoren's argument that he appeals an illegal sentence fails because he claims that his conviction, not his sentence, is illegal. *See id*. at 563 ("The phrase 'illegal sentence' has a precise legal meaning, which does not include illegal convictions." (cleaned up)). Nor did the district court judge unequivocally re-ignite Umoren's right to appeal by informing him that he retained certain rights to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 618–19 (9th Cir. 2012).

2.      The district court did not err in applying the obstruction of justice enhancement to Umoren's 2016-related conviction, assuming, without deciding, that the appellate waiver does not bar Umoren's appeal of the 2016-related enhancement. The Sentencing Guidelines provide for a two-level enhancement if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or

3

(B) a closely related offense." U.S.S.G. § 3C1.1. This includes "destroying or concealing . . . evidence that is material to an official investigation or judicial proceeding." *Id*. § 3C1.1 Application Note 4(D). Evidence is "material" where it "would tend to influence or affect the issue under determination." *Id.* § 3C1.1 Application Note 6.

The district court did not clearly err in finding that Umoren himself moved the handgun, given Umoren's statement that he took the handgun while landscaping. *See United States v. Castro-Ponce*, 770 F.3d 819, 821–22 (9th Cir. 2014). And moving the handgun, in violation of the district court's pretrial release condition that Umoren "refrain from possessing a firearm," constituted concealing "evidence that is material to a[] . . . judicial proceeding." *See* U.S.S.G. § 3C1.1 Application Note 4(D); *United States v. Taylor*, 749 F.3d 842, 846 (9th Cir. 2014) (noting that we have affirmed the application of obstruction enhancements when defendants impede pretrial release proceedings); *United States v. Manning*, 704 F.3d 584, 586 (9th Cir. 2012) (lying to pretrial services about possession of firearms warranted obstruction of justice enhancement).

We reject Umoren's argument that the district court erred in not entering a finding of willfulness, where he did not object to the willfulness component of the enhancement. Even so, the record amply supports the finding that Umoren willfully obstructed justice, including that: he was aware that his pretrial release

conditions required him to refrain from possessing handguns, he was charged at the time with being a prohibited person in possession of a firearm, the police informed him that they may need his wife's firearm,[1] and he told his wife that they should not be discussing handguns over the phone. *See Manning*, 704 F.3d at 585–86 (holding conduct obstructive when defendant violated pretrial release condition and knew felon in possession investigation was underway). We also reject Umoren's argument that the handgun is immaterial because the government did not attempt to retrieve it from Umoren's possession. *See United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993) ("It is sufficient that the conduct in question has the potential for obstructing the investigation, prosecution, or sentencing of the instant offense.").

3. Umoren can challenge his 2016-related AIT conviction even if it will not affect his sentence. *See United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007) ("Imposition of an erroneously-imposed sentence, even a concurrent sentence, can have significant collateral consequences that we cannot foretell at the time of decision."). His challenge fails, however, because *Dubin*, 599 U.S. at 110, does not create a reasonable probability that Umoren would not have entered a

---

[1] Although the record does not clearly indicate whether the handgun that Umoren removed is the one that was used in the conduct underlying the impersonation offense, the police's instruction combined with the pretrial release conditions put Umoren on notice that he should not hide firearms in his possession from the government.

guilty plea. *See United States v. David*, 36 F.4th 1214, 1217 (9th Cir. 2022). First, *Dubin*'s interpretation of the AIT statute affirmed existing Ninth Circuit law at the time of Umoren's guilty plea. *See United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019). Second, Umoren's falsification goes to "who" was involved in making fraudulent tax claims and thus to "the crux of what makes the underlying offense criminal." *Dubin*, 599 U.S. at 114.

**AFFIRMED.**